**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fabio GOMEZ–TELLO, Defendant—**
**Appellant.**

No. 02–16396.

D.C. Nos. CV–97–01528–VRW–
03, CR–90–00592–VRW–03.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided Feb. 19, 2004.

Stephen Jigger, Audra S. Ibarra, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Mark D. Eibert, Half Moon Bay, CA, Fabio Gomez–Tello, pro se, Coleman, FL, for Defendant–Appellant.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

Fabio Gomez–Tello appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255. We affirm.

**I**

Gomez–Tello's own information and belief that an Information was not timely filed in accordance with the requirements of 21 U.S.C. § 851(a), coupled with the absence of a time stamp on the Information or the docket sheet, are insufficient to cast doubt on compliance given declarations of the two Assistant United States Attorneys who tried the case stating that the Information was filed before jury selection began. *See United States v. Severino,* 316 F.3d 939, 946 (9th Cir.2003). In these circumstances, no evidentiary hearing was required for the district court to determine that there was strict compliance.

Although Gomez–Tello suggests on appeal that the Information also was not properly served, his claim in the district court was based on the "failure of the government to file notice before trial." We decline to consider an issue not raised in the § 2255 motion for relief from sentence or presented in the first instance to the district court.

**II**

Gomez–Tello's contention that his appellate counsel's performance was ineffective fails for the same reasons. As there was strict compliance with § 851, any appeal would have been fruitless. Therefore, even were counsel deficient in failing to pursue the point, Gomez–Tello could not have been prejudiced. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that to

---

204

establish a claim of ineffective assistance of counsel "the defendant must show that the deficient performance prejudiced the defense"); *Severino*, 316 F.3d at 948 (seeing neither error nor prejudice when Information satisfies § 851(a)).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.